**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX CRUZ MARTINEZ, | No. 09-16438 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-00656-AWI |
| v. | |
| L. E. SCRIBNER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Felix Cruz Martinez appeals pro se from the district court's order denying

his federal habeas petition under 28 U.S.C § 2254.  We have jurisdiction under 28

U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We agree with the district court that the California courts' resolution of Martinez's claim that coerced statements were improperly admitted at trial was not "contrary to, or [ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and did not "result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Specifically, the California Court of Appeal's determination that admission of the first statement was harmless under *Chapman v. California*, 386 U.S. 18 (1967), because the jury could not have given any weight to the first statement, was reasonable in light of the jury's factual findings and the substance of first statement. *See Medina v. Hornung*, 386 F.3d 872, 878-79 (9th Cir. 2004).

Also, the California Court of Appeals reasonably determined that the second statement was not tainted by the first interview, in light of the time that elapsed between the interviews of the witness, the less confrontational manner in which the second interview was conducted, and the substance of the second statement. *See Garvin v. Farmon*, 258 F.3d 951 (9th Cir. 2001).

Accordingly, admission of the first statement did not have a substantial and injurious effect on the jury's verdict. *See Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) ("[I]n § 2254 proceedings a court must assess the prejudicial impact of

constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht* [*v. Abrahamson*], 507 U.S. 619 [1993], whether or not the state appellate court recognized the error and reviewed it for harmlessness . . . .").

**AFFIRMED**.